IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK PEREZ LOPEZ,

        Plaintiff,                  No. CIV S-07-1475 MCE EFB P

    vs.

R. L. STALEY, et al.,

        Defendants.         ORDER AND FINDINGS
                                              & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment of $3.66 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds it fails to state a claim for relief.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's complaint alleges that defendants Staley, Serva, and Kudlata filed false statements regarding an incident in which plaintiff attacked defendant Staley by throwing a plastic bottle of soda, striking him in the head, and then throwing punches at him. The statements supported the filing of a rules violation report that resulted in plaintiff being placed in administrative segregation. Plaintiff does not generally dispute the substance of the rules violation report; rather, he appears to allege that the differences in the various accounts of this incident by defendants Staley, Serva, and Kudlata amount to falsification of the facts. Specifically, plaintiff disputes whether and to what extent defendant Staley was injured during the altercation. But these details that plaintiff disputes regarding the witness statements are not material to whether plaintiff should have been charged with a rules violation over the incident. Regardless of injury, the conduct was a rules violation and plaintiff does not allege that absent the dispute over whether Staley was injured the Rules Violation Report would not have been filed or would have resulted in less severe punishment.

Even assuming that plaintiff's allegation is true, he alleges no facts supporting a claim that the filing of the rules violation report infringed upon any liberty interest protected by the Due Process Clause. Under certain circumstances, of course, states may create liberty interests that are protected by the Due Process Clause. *See Wolf v. McDonnell*, 418 U.S. at 556. As the Supreme Court held in *Sandin v. Conner*, 515 U.S. 472 (1995), however, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical hardship on the inmate in relation to the ordinary incidents of

2

prison life." *Id*. at 484 (internal citations omitted).  No such interest is implicated by the facts of this case.  As a result of the filing of the disciplinary report, for which he was found guilty of battery on a peace officer with a weapon, plaintiff was housed in administrative segregation. This loss is not an "atypical hardship" as contemplated by *Sandin*.  The alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of "atypical hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300; *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986).

Further, plaintiff has not alleged that the rules violation report was filed in retaliation for plaintiff's exercise of constitutionally protected conduct.  Plaintiff has failed to demonstrate that the challenged disciplinary actions resulting from the filing of the rules violation report were not justified by legitimate penological goals.

Plaintiff also alleges in his complaint that defendants Guzman, Clark, Dan, Romasanta, Knipp, and Lackner were present during the altercation between plaintiff and defendant Staley, yet their reports of this incident do not corroborate defendant Staley's account, which plaintiff alleges was false.  Plaintiff fails to state charging allegations against those defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $3.66.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the

plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

Dated: June 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE